UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

AARON OLSON,

        Plaintiff,

v.

RAMSEY COUNTY, and TERRI BARETT,

        Defendants.

Civil No. 12-2088 (SRN/JJG)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### I. BACKGROUND

Plaintiff alleges that on August 23, 2012, he tried to schedule a motion hearing in the state district court for Ramsey County, Minnesota. A court employee, Defendant Terri Barett, allegedly refused to give Plaintiff a hearing date "due to the fact he is pro se." (Complaint, [Docket No. 1], p. 1, ¶ 1.) Barett allegedly "insisted that Plaintiff go to a remote location to set his hearing." (Id.) Plaintiff claims that Barett's alleged refusal to set a hearing date violated his rights under the federal Constitution and the Americans with Disabilities Act, (ADA).

Plaintiff further claims that Defendant Ramsey County is liable for Barett's alleged

violations of the Constitution and ADA, because Barett apparently was working for Ramsey County and "was assuming full responsibility for Ramsey County." (Id., p. 2, ¶ 3.) In other words, Plaintiff is attempting to sue Ramsey County based on the doctrine of respondeat superior.

On the same day that Plaintiff commenced this action, he filed a motion seeking to voluntarily dismiss his claims against Defendant Barett, because she "changed her position and scheduled a hearing" for Plaintiff's state court motion. (Docket No. 3.) However, Plaintiff is still seeking a judgment for money damages against Defendant Ramsey County, "due to a large block of his time that has been wasted." (Id.)

**II.    DISCUSSION**

An IFP application will be denied, and the action will be dismissed, when the IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

In this case, the Court initially notes that Plaintiff is entitled to voluntarily withdraw his claims against Defendant Barett pursuant to Fed. R. Civ. P. 41(a). The Court will therefore recommend that Plaintiff's pending "motion to withdraw" be granted. Although it appears that Plaintiff still wants to sue Defendant Ramsey County, the Court finds that he has failed to plead an actionable claim against Ramsey County.

Plaintiff apparently is attempting to sue Ramsey County under 42 U.S.C. § 1983, because one of its employees, Terri Barett, allegedly violated Plaintiff's constitutional right to due process by initially refusing to schedule a hearing for his state court motion. It is not alleged that Ramsey County itself violated Plaintiff's constitutional rights by

2

means of its own policies, customs or practices. Instead, Plaintiff is seeking to hold Ramsey County vicariously liable, under the doctrine of respondeat superior, for constitutional violations allegedly committed by Terri Barett. It is well-settled, however, that respondeat superior is not applicable to § 1983 claims. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Therefore, Plaintiff has failed to plead an actionable § 1983 claim against Ramsey County.

The Court further finds that Plaintiff cannot maintain an ADA claim against Ramsey County. Plaintiff seems to be contending that Ramsey County violated the ADA by failing to provide a reasonable public accommodation for his alleged disability, (the nature of which is not identified in the complaint). However, the public accommodation provisions of the ADA allow only injunctive relief, and not money damages. See APS v. U.S. Bank, Civil No. 08-5068 (DSD/SRN), (D.MInn. 2009), 2009 WL 4723311 at *2 ("Title III of the ADA prohibits discrimination in places of public accommodation against persons with disabilities," but "[p]rivate individuals cannot recover monetary damages under the ADA[;] [r]ather, the ADA explicitly limits remedies for private individuals to preventative or equitable relief") (citing Steger v. Franco, Inc., 228 F.3d 889, 892 (8th Cir. 2000)). In Plaintiff's motion to withdraw, (Docket No. 3), he acknowledges that he now has been granted the motion hearing date that he sought for his state court case, and he is no longer seeking an injunction that would compel Defendants to set a hearing date in that case. Although Plaintiff is still seeking money damages to compensate him for the alleged loss of a "large block of his time," such relief is simply not available in an ADA public accommodations action. Therefore,

Plaintiff does not have an actionable ADA claim.[1]

In sum, the Court finds that Plaintiff has not presented an actionable claim for relief under either § 1983 or the ADA. The Court will therefore recommend that Plaintiff's IFP application be denied, and this action be dismissed, pursuant to § 1915(e)(2)(B)(ii).

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. Plaintiff's "motion to withdraw," (Docket No. 3), be **GRANTED**; and

3. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).


Dated: September 19, 2012         s/ *Jeanne J. Graham*
                                  JEANNE J. GRAHAM
                                  United States Magistrate Judge

**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **October 4, 2012**. A party may respond to the objections within fourteen (14) days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.

---

[1] Plaintiff's complaint also includes two unexplained references to "Minn.Stat. § 362A.02." However, even if Plaintiff has pleaded an actionable claim for relief under that statute, his state law claim, by itself, would not provide federal subject matter jurisdiction in this case. See Fed. R. Civ. P. 12(h)(3).